FILED

MAR 10 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOLITA M. ARNOLD, individually, and:
*qua* Personal Representative
of The Estate of
Moses Arnold, Junior (Deceased),
    and
NEALE SCOTT BOLEN,
    and
SHELDON H. BOLEN,
    and
BETTY J. BOLEN,
    and
KEITH EDWIN BOLEN,
    and
SHARLA M. KORZ,
    and
LISA ANN BECK,
        Plaintiffs

    v.

THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran,
    and
THE IRANIAN MINISTRY
OF INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran,
        Defendants

CASE NUMBER 1:06CV00516

JUDGE: Royce C. Lamberth

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 03/10/2006

# **COMPLAINT FOR DAMAGES**

(1) The instant action is brought by the your plaintiffs, *viz.*, Lolita M. Arnold, *et al.*, by their undersigned counsel, in the individual capacity of each plaintiff, and, insofar as your plaintiff Lolita M. Arnold is concerned, coevally, in her capacity *qua* personal representative of the Estate of Moses Arnold, deceased, for her benefit, the benefit of the said Estate, and, correspondingly, on behalf of all those heirs-at-law, legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act, the Foreign Sovereign Immunities Act (28 United States Code, §§ 1602, *et seq.*) and the Common Law of the District of Columbia, and the jurisdiction(s) of respective residence of each, as of the time of the death of Moses Arnold, Junior. Your plaintiffs Neale Scott Bolen, Sheldon H. Bolen, Betty J. Bolen, Keith Edwin Bolen, Sharla M. Korz, and Lisa Ann Beck are, likewise, entitled to assert claims under the Foreign Sovereign Immunities Act, the Common Law of the District of Columbia, and the jurisdiction(s) of respective residence of each, as of the time of the subject injury to your plaintiff Neale Scott Bolen. This Honorable Court may exercise subject matter jurisdiction over the instant matter, in accordance with the provisions of 28 United States Code §§ 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises *in personam* jurisdiction over the parties designated herein, as defendants, in accordance with the provisions of 28 United States Code, § 1605 (a)(7). Venue in this Honorable Court is proper, in accordance with the provisions of 28 United States Code, § 1391(f)(4), which provides, in pertinent part, that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) Your plaintiffs in respect of the instant action consist of individuals who, at the time of the occurrence of the subject tortious acts complained of, were members of the United States Marine Corps (the late Moses Arnold, Junior, and Neale Scott Bolen), along with the Estate of Moses Arnold, Junior, and the heirs-at-law and legatees of the aforesaid United States Marine who died as a result of injuries inflicted in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983 (Moses Arnold, Junior), and of the family of the aforesaid injured United States Marine (your plaintiff Neale Scott Bolen). Members of the United States Marine Corps were assigned to the 24th Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the subject occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis, or, temporarily, on the said date of the subject occurrence. The term "Estate" as hereinafter used refers not only to the Estate of Moses Arnold, Junior (deceased), but also to all persons who are beneficiaries entitled to compensatory and/or punitive damages, in accordance with any statute of the United States, the District of Columbia, or their respective state of residence or domicile at the time of death, including 28 United States Code, §§ 1602 through 1611, District of Columbia Code, Title 16, § 16-2701, or District of Columbia Code, Title 12, § 301.

(3) Your defendant known as The Islamic Republic of Iran, is a foreign sovereign state in the Middle East, situate between Iraq and Pakistan, and bordering the Gulf of Oman, the Persian Gulf, and the Caspian Sea, which was, at the time of occurrence of the acts hereinafter complained of and is, to the present, designated as a state sponsor of

terrorism, pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, § 2405(j)).

(4) Your defendant known as The Iranian Ministry of Information and Security, is an agency of its co-defendant, *id est*, your defendant known as The Islamic Republic of Iran, whose activities included, at all times relevant to the instant action, *inter alia*, the initiation and prosecution of terrorist acts directed against the Armed Forces of the United States and United States Nationals, by and through material support to various terrorist organizations, including the Lebanese terrorist organization known as "*Hezbollah*".

(5) *Hezbollah*[1] is an organization of Lebanese Muslims who are adherents of the *Shi'a* or *Shi'ite* faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It also advocates the expulsion of the United States from the Near East, and is committed to violent action to that end, and, concomitantly, to the termination of the existence of the State of Israel. At all times relevant to this action, *Hezbollah* was being given extensive support by your defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel, as well as a a social welfare program designed to garner political support amongst the *Shi'ite* population of Lebanon. In 1983, at the time of the acts which give rise to this action, *Hezbollah* was under the complete operational control of your defendants, through Iranian Revolutionary Guards units deployed within Lebanon. The *Shi'a* or *Shi'ite*

---

[1] The transliterated spelling of this word, in the Latin alphabet, differs slightly in various publications. However, it is believed that this spelling is the most common and reflects the phonetic Arabic pronunciation. The organization also refers to itself in some English language publications as the "Party of God", which is the literal English translation of the term.

Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence, and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by your defendants to *Hezbollah* was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the subject attack of October 23, 1983.

(6) The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Its geographic position was in a reinforced concrete building at the Beirut International Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the then ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(7) Acting on instructions from your defendants, *viz.*, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of your defendants who were in operational control of *Hezbollah*, with high level technical participation which would not have been available to *Hezbollah* in the absence of Iranian

---

[2] Statement of General Paul X. Kelly, Former Commandant, United States Marine Corps.

control and participation, carried out the construction of a butane gas enhanced explosive device with an explosive force equal to 5,000 pounds of explosives, composed, largely, of PETN[3] which is believed to have been imported from Iran. This large explosive device was, in turn, mounted in a large Mercedes-Benz commercial water delivery truck of a type commonly seen on construction projects, which had been pre-determined by experts in Iranian terrorist activities to have sufficient weight to crash through an outer perimeter barbed wire emplacement, yet able to fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction, and, thence, a passenger entry hallway, into the center lobby of the building, to a position at which Iranian explosive experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 *a.m.*, Beirut time (*id est*, G.M.T. + 2 hours), on October 23, 1983, the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The total collapse of the four story, reinforced concrete structure, with an atrium, which ensued, resulted in the deaths of approximately 241 members of the Armed Forces of the United States, including, *inter alios,* the aforesaid Moses Arnold, Junior, and injury to numerous others, including, *inter alios,* your plaintiff Neale Scott Bolen.

(8) The actions of the agents of your defendants, as detailed above, constituted manifold acts of torture, extra-judicial killing and the provision of material resources for such acts as defined in §2339A, Title 18, United States Code.

---

[3]  Pentaerythritol Tetranitrate – one of the strongest known high explosives.

(9) The formation of *Hezbullah*, and its emergence as a major terrorist organization, was the product of direct intervention by and planning of, Iranian operatives, including the Iranian Revolutionary Guards, your defendant The Ministry of Information and Security, and Ali Akbar Mohtashemi, acting as Interior Minister of your defendant The Islamic Republic of Iran, as well as the then Iranian Ambassador to Syria. The above-referenced activities of *Hezbollah* were financed, technologically supported and commanded by Iranian military/intelligence operatives, operating under the direction and control of your defendants.

## *COUNT I*
## *ESTATE OF MOSES ARNOLD, JUNIOR*
## *CLAIM FOR WRONGFUL DEATH*
## *Title 16 District of Columbia Code, § 2701*

(10) Your Plaintiff Lolita M. Arnold repeats and re-alleges, as if set out in full, each and every discrete allegation set forth above, with equal effect as if alleged herein.

(11) On October 23, 1983, when the explosive device described above was detonated, Moses Arnold, Junior, a member of the United States Marine Corps, suffered fatal injuries. The violent death of Moses Arnold, Junior, was caused by a willful and deliberate act of extra-judicial killing. Your defendants, through their network of agents in the Middle East, financed the attack, planned the attack, utilized a member of the Iranian Ministry of Information and Security as the suicide truck driver, in order to carry out the attack, and otherwise rendered material support to the activities of *Hezbollah* that resulted, actually, foreseeably, and proximately, in the death of Moses Arnold, Junior.

Those agents were, at all times, acting with the scope of their respective agency, and acting on the direction of your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(12) The beneficiaries of the late Moses Arnold, Junior, who survived him, *viz.*, his spouse, your plaintiff Lolita M. Arnold, his parents, *viz.:* Moses Arnold, Senior, and Katherine E. Arnold; his sisters, Cathy W. Arnold, Rosalind Arnold, and Sandy Arnold; and his brothers, *viz.*, Bernard Arnold, Mark Arnold, Robert Lee Arnold, and Timothy Arnold, as well as the Estate of Moses Arnold itself, did, as a direct and proximate consequence of the actions of your defendants, for which your defendants are directly and vicariously, liable, jointly and severally, sustain pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Moses Arnold, Junior, and funeral and burial expenses incurred by the Estate of Moses Arnold and/or the beneficiaries of same.

WHEREFORE, and for the foregoing reasons, your plaintiff Lolita M. Arnold hereby demands judgment on behalf of the Estate of Moses Arnold, Junior, jointly and severally, against your defendants, *viz.*, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of ten million dollars ($10,000,000.00), with costs to follow.

## COUNT II
## ESTATE OF MOSES ARNOLD, JUNIOR
## SURVIVAL CLAIM
### Title 12 District of Columbia Code, § 2701

(13) Your plaintiff Lolita M. Arnold, hereby repeats and re-alleges, as if set out in full, each and every discrete allegation set forth hereinbefore.

(14) Before his death, Moses Arnold, Junior, experienced extreme bodily pain and suffering, actually, foreseeably and proximately, as a result of the actions described above, which actions were undertaken by the agents of the your defendants, and said decedent thereby suffered damages in the amount of ten million dollars ($10,000,000).

WHEREFORE, and for the foregoing reasons, your plaintiff, Lolita M. Arnold, demands judgment on behalf of the Estate of Moses Arnold, jointly and severally, against your defendants, *viz.*, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of ten million dollars ($10,000,000.00), with costs to follow.

## COUNT III
## SOLATIUM CLAIMS
### Public Law 104-208, Div. A, Title I, § 101 (C)

(15) Your plaintiff Lolita M. Arnold hereby repeats and re-alleges, as if set out in full, each and every discrete allegation set forth hereinbefore.

(16) As a direct consequence of the actions of your defendants, and each of them, *viz.*, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of decedent Moses Arnold, Junior, *viz.*, his widow, *viz.*, Lolita M. Arnold, his parents, *viz.*: Moses Arnold, Senior, and Katherine E. Arnold; his sisters, *viz.*,

Cathy W. Arnold, Rosalind Arnold, and Sandy Arnold; and his brothers, *viz.*, Bernard Arnold, Mark Arnold, Robert Lee Arnold, and Timothy Arnold, have, upon information and belief, each suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars ($20,000,000).

WHEREFORE, and for the foregoing reasons, your plaintiff, Lolita M. Arnold hereby demands judgment on behalf of Lolita M. Arnold, Moses Arnold, Senior, Katherine E. Arnold, Cathy W. Arnold, Rosalind Arnold, Sandy Arnold, Bernard Arnold, Mark Arnold, Robert Lee Arnold, and Timothy Arnold,, jointly and severally, against the your defendants, *viz.*, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each, in the amount of twenty million dollars ($20,000,000.00), in compensatory damages, and, in the aggregate, two hundred million dollars ($200,000,000.00) in compensatory damages, with costs to follow.

### *COUNT IV*
### *CLAIM OF NEALE SCOTT BOLEN FOR PERSONAL INJURY RESULTING FROM ASSAULT*

(16) Your plaintiff known as Neale Scott Bolen, a resident of the State of North Carolina at the time of the occurrence alleged, hereby repeats and re-alleges, as if set out in full, each and every allegation set forth above.

(17) On October 23, 1983, when the explosive device described above was detonated at Beirut, Lebanon, your plaintiff Neale Scott Bolen, suffered severe and permanent injuries, including, *inter alia,* numerous fractures, shrapnel injuries, lacerations to his body, loss of balance, double-vision, physical deformity, *id est,* one

shoulder lower than the other, and severe post traumatic stress disorder. These injuries were caused by a willful and deliberate act of the agents of your defendants and persons who had been materially assisted by your defendants for the purpose of inflicting physical injuries upon this plaintiff and others, and, by so doing, to intimidate the United States of America, to terrorize the American people, and to cause the withdrawal of the United States from the Near East and Africa. Those persons so acting on behalf of your defendants were at all times acting with the material support of the your defendants, and with the concurrence of your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(18) As a direct and proximate consequence of the intentional acts of the agents of your defendants, as set forth above, and the injuries thereby inflicted, your plaintiff Neale Scott Bolen, has been required to undergo extensive medical treatment, convalescent care, and other treatments, for which he has been required to expend funds, has occasioned a loss of wages, and has endured great discomfort, pain and suffering, humiliation and embarrassment, such that he has thereby suffered damages in the amount of ten million dollars ($10,000,000.00).

WHEREFORE, and for the foregoing reasons, your plaintiff Neale Scott Bolen, demands judgment jointly and severally, against your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of ten million dollars ($10,000,000.00), with costs to follow.

## COUNT V
## CLAIMS OF NEALE SCOTT BOLEN, SHELDON H. BOLEN, BETTY J. BOLEN, KEITH EDWIN BOLEN, SHARLA M. KORZ AND LISA ANN BECK FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS, ALSO KNOWN AS THE TORT OF OUTRAGE

(19) Your plaintiffs Neale Scott Bolen, Sheldon H. Bolen, Betty J. Bolen, Keith Edwin Bolen, Sharla M. Korz and Lisa Ann Beck, hereby repeat and re-allege, as if set out in full, each and every allegation set forth hereinbefore.

(20) As a direct and intended consequence of the actions of your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the co-conspirators of your defendants who carried out the attacks above alleged, your plaintiffs whose names are set forth in the preceding paragraph, each suffered severe mental distress, which, upon information and belief, will continue for the balance of each such plaintiff's life, and each has thereby suffered damages in the amount of twenty million dollars ($20,000,000.00).

WHEREFORE, and for the foregoing reasons, your plaintiffs known as Neale Scott Bolen, Sheldon H. Bolen, Betty J. Bolen, Keith Edwin Bolen, Sharla M. Korz and Lisa Ann Beck, each demand judgment against your defendants, *viz.*, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of twenty million dollars ($20,000,000.00), and, in the aggregate, the sum of one hundred and twenty million dollars ($120,000,000.00), with costs to follow.

## COUNT VI
## EXEMPLARY DAMAGES
### Public Law 104-208, Div. A, Title I, § 101 ( C )

(21) Each of your plaintiffs referenced herein, repeats and re-alleges, as if set out herein in full, each and every allegation set forth hereinbefore.

(22) The actions of your defendants, carried out by their agents, as described above, were malicious, misanthropic, willful, unlawful, and in wanton disregard of life and the standards of law which govern the actions of civilized nations. The loss of life and serious personal injury, as described above, was intended as a result by each of your defendants. The subject decedent, *viz.*, Moses Arnold, Junior, and your injured plaintiff, *viz.*, Neale Scott Bolen, were not engaged in war, nor was either engaged in police duties at the time of the subject occurrence. The actions of those individuals who carried out the attack described were within the scope of their agency on behalf of your defendants. Therefore, in accordance with the provisions of Public Law 104-208, Div. A, Title I, § 101 (C), the Estate of Moses Arnold, Junior, and each surviving plaintiff are thereby entitled to exemplary damages.

WHEREFORE, and for the foregoing reasons, your plaintiffs, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of the aforementioned decedent's estate and each surviving plaintiff, in the amount of two hundred and fifty million dollars ($250,000,000.00), with costs to follow.

Dated: 28 February 2006

Respectfully submitted,

*[signature]*

**THOMAS FORTUNE FAY**
District of Columbia Unified
Bar No. 23929
601 Pennsylvania Avenue, NW
Suite No. 900 - South Building
Washington, D.C. 20004
Telephone: (202) 638-4534
Facsimile: (202) 737-4827
*E-Mail:* **thomasfay@aol.com**

*[signature]*

**JOSEPH PETER DRENNAN**
District of Columbia Unified
Bar No. 358196
218 North Lee Street
Third Floor
Alexandria, Virginia 22314
Telephone: (703) 519-3773
Facsimile: (703) 548-4399
*E-Mail: joseph@josephpeterdrennan.com*

**STEVEN R. PERLES**
District of Columbia Unified
Bar No. 326975
1146 Nineteenth St., NW
Suite 500
Washington, DC 20036
(202) 955-9055
*E-Mail: sperles@perleslaw.com*

Attorneys for Plaintiffs