UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOLITA M. ARNOLD, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 06-cv-516 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Plaintiffs seek payment for work performed by the assigned special master in this case, Susan Meek, M.D., J.D., pursuant to 28 U.S.C. § 1605A(e).  Motion for Order Authorizing Payment of Special Master, Nov. 12, 2010 [40].  This case was originally brought pursuant to the former state-sponsored terrorism exception of the Foreign Sovereign Immunities Act ("FSIA"), then codified at 28 U.S.C. § 1605(a)(7).  Complaint ¶ 1, Mar. 10, 2006 [3].  Dr. Meek was appointed *nunc pro tunc* to the beginning of her services, Second Order Appointing Special Master, Mar. 18, 2010 [31], which—according to her submissions—began in 2003.  Verified Voucher of Special Master Susan Meek M.D., J.D., Nov. 12, 2010 [40-2].  In late 2009, plaintiffs successfully sought retroactive application of the new FSIA exception, codified at 28 U.S.C. § 1605A, to this case.  Amended Complaint ¶ 1, Nov. 30, 2009 [18].  Judgment in favor of plaintiffs was entered earlier this year.  Order and Judgment, Mar. 31, 2010 [34].

Concerned that plaintiffs' motion seeks payment for work performed by the special master before this action was even filed, *see* Verified Voucher at 3–6 (billing for work performed between June 2003 to March 2006), the Court ordered plaintiffs, within fourteen days, to "brief

the Court concerning its authority to order the United States to issue payment pursuant to 28 U.S.C. § 1605A(e) for work performed by the special master in this case prior to March 10, 2006, the date this suit was filed." Order, Nov. 18, 2010 [41]. The Court has subsequently granted multiple requests from plaintiffs for extensions of time to respond. Now, more than a month after plaintiffs' original response was due, plaintiffs have still not provided any timely response to the Court. Thus, after its own review of the issues, the Court finds that it lacks the authority to order payment for work performed by special masters while appointed in cases involving different parties, where that work was undertaken prior to the filing of the FSIA action in which compensation under § 1605A(e) is sought—including Dr. Meek's work before 2006.

A question remains, however, as to this Court's authority to order payment for work performed by Special Master Meek prior to the creation of the new state-sponsored terrorism exception of the FSIA. In *Peterson v. Islamic Republic of Iran*, No. 01 Civ. 2094, plaintiffs sought payment pursuant to § 1605A(e) for hundreds of hours of work performed by numerous special masters on a case involving claims brought under former § 1605(a)(7). In light of plaintiffs' significant request, the Court invited the United States to weigh in on whether the Court possessed the authority to authorize such payment. Order, June 25, 2008, *Peterson*, No. 01 Civ. 2094 [365]. In response, the United States informed this Court of its position that retroactive application of § 1605A(e) was inappropriate where the action was brought pursuant to former § 1605(a)(7), and also emphasized that the special masters in that action had undertaken work prior to the creation of § 1605A, which was enacted as part of the National Defense Authorization Act for Fiscal Year 2008 ("NDAA"), Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338–44 (2008), and thus could not receive compensation for such work. United States' Statement in Response, July 25, 2008, *Peterson*, No. 01 Civ. 2094 [389]. By Memorandum

Opinion in early 2009, the Court concurred with the first half of this position, emphasizing that "these consolidated cases are maintained under 28 U.S.C. § 1605(a)(7)," and that "§ 1605A(e)(2) provides for the payment of special masters only in those cases brought or maintained pursuant to the new enactment, § 1605A." Memorandum Opinion and Order, Jan. 13, 2009, *Peterson*, No. 01 Civ. 2094 [430]. The Court therefore denied payment. *Id*.

The *Peterson* case, however, left open the issue of whether a special master could be paid for work that was undertaken prior to the enactment of the NDAA in a case where the plaintiffs had originally brought the action pursuant to former § 1605(a)(7), but had subsequently obtained retroactive application of § 1605A through the procedures outline in NDAA § 1083(c)(2). The United States' statement in *Peterson* suggested that, for work done prior to the enactment of the NDAA, the answer to this question was no. United States' Statement in Response at 5 (indicating that it would be improper "to apply a newly enacted statutory provision to past conduct"). In a subsequent discussion of § 1605A(e) in its omnibus opinion concerning the NDAA, however, the Court suggested that such payment would be authorized in such circumstances. For numerous reasons—including the provision of mechanisms for retroactive application of § 1605A, the nature of special master payments, and Congress' broad power to acknowledge and pay debts—the Court concluded that "assuming the procedures in § 1083(c) are complied with . . . this Court sees no reason why it would not have authority to issue an order directing that the special masters receive payment." *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 111–12 (D.D.C. 2009). However, the Court did not reach the ultimate issue in that case, as none of the plaintiffs before it had successfully invoked the NDAA § 1083(c) procedures. *Id*. at 112–13.

Most recently, in *Valore v. Islamic Republic of Iran*, No. 03 Civ. 1959—a case originally brought under former § 1605(a)(7) but then successfully pursued under § 1605A—the United States informed this Court that it would not contest the payment of the special masters assigned in that case, as the entirety of their work had been undertaken *after* the enactment of the NDAA, but reserved the right to object to future payments which the government felt would require improper retroactive application of § 1605A(e).  Statement of the Department of Justice, June 14, 2010, *Valore*, No. 03 Civ. 1959 [68].

Here—unlike in *Peterson*—plaintiffs have successfully invoked the retroactive provisions of § 1083(c).  And here—unlike in *Valore*—Dr. Meek performed substantial work as a special master *prior* to the enactment of the NDAA.  The issue of retroactive application of § 1605A(e) for pre-NDAA conduct is thus squarely presented.  Accordingly, it is hereby

ORDERED that the Court shall not consider any time billed by Special Master Meek prior to the filing of this case on March 10, 2006; it is furthermore

ORDERED that the United States is invited to, within thirty (30) days, submit a memorandum concerning the Court's authority to order payment of Dr. Meek; it is furthermore

ORDERED that the Clerk shall promptly provide to the Federal Programs Branch of the Civil Division of the U.S. Department of Justice

1. a copy of this Order;
2. a copy of plaintiffs' Motion for Order Authorizing Payment of Special Master, Nov. 12, 2010 [40], with attachments; and
3. a copy of the Administrative Plan Governing Appointed Special Masters, Feb. 4, 2010 [21-1]; it is furthermore

ORDERED that plaintiffs may, within fourteen (14) days after receipt of the United States' memorandum, supplement their request for payment of Special Master Meek.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on January 6, 2011.